# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM WADE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-2998 |
| WARDEN, et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff brought this civil rights action against Defendants Warden, Dorsey Run Correctional Facility (DRCF), Facility Administrator, Baltimore City Correctional Center (BCCC) Warden, and Department of Public Safety and Correctional Services (DPSCS). ECF No. 1. Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 10. The Court advised Plaintiff of his opportunity to oppose the motion, ECF No. 11, and Plaintiff sought and was granted an extension of time to do so, ECF Nos. 12 & 13. However, Plaintiff did not file an opposition. No hearing is necessary. *See* Local Rule 105.6. For the following reasons, Defendants' motion, construed as a Motion for Summary Judgment, will be granted.

### I. BACKGROUND

In his unverified Complaint, Plaintiff William Wade alleges that on July 6, 2017, he was transported to BCCC, a facility unequipped to care for handicapped inmates. ECF No. 1 at 2. Plaintiff advised an unnamed Defendant that he experienced partial paralysis of his left side and therefore could not be housed at a facility unable to care for people with disabilities. *Id*. Despite

Plaintiff's warnings, Defendants housed Plaintiff "on the top tier of BCCC." *Id*. During "a mass movement" of inmates, Plaintiff "was forced down concrete steps," which he could not maneuver given his partial paralysis. *Id*. He fell, sustained injuries, and was taken to the hospital for treatment. *Id*.

At each facility in which Plaintiff has been incarcerated, he has had access to the Administrative Remedy Procedure (ARP). ECF No. 10-3 at 4–16. In fact, Plaintiff has filed grievances, unrelated to his claims here, directly with the Inmate Grievance Office (IGO). ECF No. 10-8 ¶¶ 2–3. However, he did not file an ARP grievance regarding the facts alleged in his complaint. ECF No. 1 at 2; ECF No. 10-4 ¶¶ 2–3; ECF No. 10-5 ¶¶ 2–3; ECF No. 10-6 ¶¶ 2–3; ECF No. 10-7 ¶¶ 2–3. Plaintiff explains that he did not file an ARP because he "was injured by, exclusively—the immediate negligence and breach of fiduciary care caused by defendant's actions, and seeks monetary damages that cannot be sought by administrative remedy." ECF No. 1 at 2.

## II. DISCUSSION

Defendants style their motion as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers only the facts in the complaint or "integral to the complaint." *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). However, Rule 12(d) requires courts to treat a motion to dismiss as a motion for summary judgment when the court considers matter outside the pleadings. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Consistent with this rule, the nonmoving party must have some indication that the court will treat the motion

to dismiss as a motion for summary judgment and "must be afforded a reasonable opportunity for discovery" if it is essential to the nonmoving party's ability to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted).

It is obvious when the moving party styles its motion as a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," as is the case here, that the Court may treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.,* 149 F.2d 253, 260–61 (4th Cir.1998). To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d) explaining why "for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), or otherwise put the district court on notice of the reasons why summary judgment is premature, *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002). Here, Plaintiff has not filed a Rule 56(d) affidavit or otherwise requested discovery in this matter. Under these circumstances, the Court will construe Defendants' motion as a Motion for Summary Judgment.

Pursuant to Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586-87 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248–49.

Defendants are entitled to judgment as a matter of law if no genuine dispute of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), plaintiffs must exhaust the administrative remedies available to them before bringing any action related to prison conditions. 42 U.S.C. § 1997e(a). The exhaustion requirement applies to any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The purposes of exhaustion include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). Prisoners must pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. 523, 530 (D. Md. 2003); *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943–44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *see also Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"). Exhaustion requires completion of "the administrative review process in accordance with the

applicable procedural rules, including deadlines," "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 88 & 93 (2006) (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Exhaustion generally may not be excused unless an administrative procedure is not available. *See Ross* v. *Blake,* 136 S. Ct. 1850, 1858 (2016). An administrative remedy is unavailable "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). For example, an administrative procedure is rendered unavailable when officers are consistently unwilling or unable to provide relief to aggrieved inmates, the procedure is so opaque that it is practically incapable of use, or prison administrators actively thwart inmates from filing grievances. *Ross,* 136 S. Ct. at 1859–60.

The Administrative Remedy Procedure provides the process that Plaintiff needed to exhaust as an inmate in a Maryland prison seeking to bring an action related to prison conditions. A prisoner must first file an ARP with the warden of the prison within 30 days of the incident or when the prisoner gains knowledge of the injury giving rise to the complaint. *See* Md. Code Regs. (COMAR) § 12.07.01.04-05.A (2017). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. COMAR § 12.07.01.05.C. If the appeal is denied, the prisoner must appeal within 30 days to the IGO. *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210; COMAR §§ 12.07.01.03, 12.07.01.05.B. Inmates may then seek judicial review of the IGO's final determinations in a Maryland Circuit Court. Md. Code Ann., Corr. Servs. § 10-210.

Here, the parties agree that Plaintiff did not pursue available administrative remedies prior to initiating this suit. Plaintiff failed to respond to Defendants' dispositive motion and does

5

not dispute that he did not institute the ARP process regarding his claims. Plaintiff alleged in his unverified Complaint that he did not file an ARP regarding his claim because he sought monetary damages, which he mistakenly believed could not be pursued through the administrative process. ECF No. 1 at 2. As discussed above, the ARP process begins for claims such as Plaintiff's by filing a Complaint at the institutional level. Plaintiff's mistaken belief to the contrary does not mean that administrative remedies were unavailable to him. Defendants have demonstrated that at each facility in which Plaintiff has been incarcerated, he has had access to administrative remedies. ECF No. 10-3 at 4–16. Plaintiff has not rebutted Defendants' evidence with any demonstration that officers were consistently unwilling or unable to provide relief to him, that the procedures were so opaque as to make them practically incapable of use, that prison administrators actively thwarted him from filing a grievance, or that he was in some other way prevented from availing himself of administrative remedies through no fault of his own. Because Plaintiff failed to complete each phase of the administrative process and does not claim that administrative remedies were unavailable to him, the Court will grant Defendants' motion to dismiss or for summary judgment for failure to exhaust administrative remedies.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is granted. A separate order will issue.

Date: <u>February 15, 2019</u>                                              /s/
                                                                        GEORGE J. HAZEL
                                                                        United States District Judge